J. S69027/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRUCE ANDERSON, | : | No. 3587 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 15, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003582-2008

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 12, 2014**

Bruce Anderson appeals from the judgment of sentence of November 15, 2013, following revocation of his probation.  We affirm.

On July 24, 2008, appellant pled guilty to one count of false imprisonment.  The charge related to an incident on June 19, 2007, when appellant grabbed a 10-year-old girl, restrained her, and rubbed her buttocks before she was able to run away.  Additional charges including indecent assault were **_nolle prossed_**.  On October 21, 2008, appellant was sentenced to 11½ to 23 months' imprisonment, with immediate parole, followed by 8 years of supervised probation by the Mental Health Unit.  On April 22, 2009, appellant was found to be in violation of his parole; appellant's parole was revoked and he was sentenced to serve out the balance of his sentence.

On August 13, 2012, appellant violated the terms of his probation, and he was sentenced to 6 to 23 months' imprisonment, with immediate parole, followed by 5 years of supervisory probation under the Mental Health Unit. On November 15, 2013, appellant was again found to be in violation of probation, for failure to comply with the terms and conditions of the mental health program. Appellant was re-sentenced to 2½ years to 5 years' incarceration followed by 5 years of probation. Appellant's sentence was to be served concurrently with the 2½ to 5-year sentence imposed August 22, 2013, by the Honorable Sheila Woods-Skipper in an unrelated violation of probation ("VOP") case.[1]

Appellant filed a motion for reconsideration of sentence on November 25, 2013. On Monday, December 16, 2013, appellant filed a timely notice of appeal.[2] Appellant complied with Pa.R.A.P. 1925(b), and the trial court has filed an opinion.

---

[1] Appellant filed an appeal in that case at No. 2932 EDA 2013, which is pending before a different panel of this court.

[2] The filing of a motion to modify sentence does not toll the 30-day appeal period in revocation cases. Pa.R.Crim.P. 708(E).

> Under this rule, the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence.

*Id.*, *Comment*, citing **Commonwealth v. Coleman**, 721 A.2d 798, 799 n.2 (Pa.Super. 1998).

Appellant has raised the following issue for this court's review:

> Was not [appellant]'s sentence of 2½ to 5 years['] incarceration for a technical violation of probation excessive and unreasonable, where the lower court simply adopted the prior sentence of another sentencing judge in an unrelated violation matter and the lower court's sentence failed to take any individualized account of appellant'[s] rehabilitative needs by disregarding his mental health issues and his mental health treatment programs' agreement to continue working with him under more stringent parameters, and such a sentence was not necessary to vindicate the authority of the court?

Appellant's brief at 4.

The sentence imposed following the revocation of probation "'is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.'" ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001), quoting ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000) (other citations omitted). ***See also Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (***en banc***) (this court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges). As the ***Coolbaugh*** court observed:

> We recently summarized our standard of review and the law applicable to revocation proceedings as follows:
>
> > Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had

at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b) . . . . Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. Finally, it is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,

(3) such a sentence is essential to vindicate the authority of court.

42 Pa.C.S.A. § 9771(c).

*Id.*, quoting **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa.Super. 2000) (other citations omitted). We also note that the sentencing guidelines do not apply to sentences imposed as the result of probation revocations. **Id.** (citations omitted).

An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. [**Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super. 2006)]; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. **Malovich**, 903 A.2d at 1250;

> Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f).

***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa.Super. 2008).

> In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. ***Malovich***, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. ***Id.*** Thus, we do not include or exclude any entire class of issues as being or not being substantial. ***Id.*** Instead, we evaluate each claim based on the particulars of its own case. ***Id.***

***Id.*** at 289-290.

In his Rule 2119(f) statement, appellant contends that the trial court merely adopted Judge Woods-Skipper's findings in an unrelated case and did not exercise its own independent judgment. (Appellant's brief at 8.) Appellant also argues that the sentence imposed failed to address his rehabilitative needs and disregarded the fact that the mental health program in which appellant was enrolled ("JJPI") had agreed to continue working with him under more stringent parameters. (***Id.***) Appellant states that he has long-standing mental health issues and JJPI was willing to provide additional services. (***Id.*** at 9.) Appellant alleges that none of the criteria for total confinement set forth at 42 Pa.C.S.A. § 9771(c) was satisfied here. (***Id.***)

Essentially, appellant is arguing that his technical violations of probation by failing to comply with JJPI's requirements did not support a state sentence. "The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'" *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010), quoting *Sierra*, 752 A.2d at 913. "Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits." *Id.*, citing *Commonwealth v. Titus*, 816 A.2d 251 (Pa.Super. 2003). We determine appellant has raised a substantial question regarding the appropriateness of his sentence, and will proceed to review the merits of his claim.

First, with regard to appellant's argument that the trial court simply adopted the sentence of Judge Woods-Skipper and did not make its own findings, this claim is waived. In his Rule 1925(b) statement, appellant argued that his sentence was manifestly excessive and unreasonable where his technical violations stemmed from mental health issues and a sentence of total confinement was not necessary to vindicate the authority of the

court.[3]  Appellant never alleged that the trial court erred by relying on Judge Woods-Skipper's findings in an unrelated matter.  Therefore, this particular issue is waived.  Pa.R.A.P., Rule 1925(b)(4)(vii), 42 Pa.C.S.A. *See also Commonwealth v. Marion*, 981 A.2d 230, 237 (Pa.Super. 2009), *appeal denied*, 990 A.2d 729 (Pa. 2010) ("to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Rule] 1925.  Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.") (citations omitted).

The trial court states that its sentence was not unreasonable and was necessary to vindicate the authority of the court.  (Trial court opinion, 6/13/14 at 3.)  The trial court observes that this was appellant's second probation violation (and third violation overall, including his April 2009 parole revocation).  (*Id.*)  In addition, the trial court received information to

---

[3]  The issue appellant plans to raise on appeal is:  The trial court erred as a matter of law, abused its discretion and imposed a manifestly excessive and unreasonable sentence of 2.5 to five years of incarceration plus five years of probation, where appellant had only technical violations of his probation, where his technical violations stemmed from mental health issues, where a sentence of total confinement was not necessary to vindicate the authority of the court, where the trial court failed to state sufficiently adequate reasons for imposing the new sentence, and where the trial court failed to properly weigh and consider the totality of the mitigating circumstances present in this case.

Appellant's Rule 1925(b) statement, 1/30/14 at 2 ¶6; docket #10.

the effect that appellant had also violated his probation in an unrelated case before Judge Woods-Skipper, and had been re-sentenced to 2½ to 5 years. (*Id.*) It is true that appellant's violations were technical in nature; however, he had clearly demonstrated by his repeated violations of the terms and conditions of his probation that he was not amenable to treatment. Appellant refused to abide by JJPI's requirements. At the November 15, 2013 hearing, the trial court heard from appellant as he exercised his right of allocution, and also heard evidence that appellant had been doing well at JJPI until the last three months, and that JJPI was willing to continue working with appellant, including increasing his treatment from four to five days per week and providing additional services. (Notes of testimony, 11/15/13 at 7-8, 10.) The trial court was also aware of appellant's problems sleeping and that his psychiatrist had recently changed his medications. (*Id.* at 8.)

Overall, given appellant's repeated violations, we cannot say the trial court abused its discretion in imposing a state sentence. The trial court directed that appellant continue to receive mental health treatment while in prison. (*Id.* at 12.) We also note that the trial court made appellant's sentence concurrent, as requested by counsel. (*Id.* at 6-7, 11.) In fact, counsel characterized a concurrent sentence of 2½ to 5 years as "sufficient": "Your Honor, my understanding is that probation does not oppose a concurrent sentence and I'm asking for whatever sentence you impose to be

concurrent.  I think that the two and a half to five is sufficient too."  (***Id.*** at 11.)  There is no merit to appellant's discretionary sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/12/2014