J-S09037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellee | PENNSYLVANIA |
| v. | |
| DEREK WAYNE, | |
| Appellant | No. 3228 EDA 2014 |

Appeal from the Judgment of Sentence September 19, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005231-2011

BEFORE: SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MAY 01, 2017**

Appellant, Derek Wayne, appeals from the judgment of sentence imposed following the revocation of his probation. Appellant's counsel has filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), asserting that the appeal is wholly frivolous. After careful review, we grant counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We derive the facts of the case from the trial court's opinion and our independent review of the certified record. On March 13, 2012, following a bench trial, the trial court convicted Appellant of aggravated assault, robbery, retail theft, possessing an instrument of crime, simple assault and recklessly endangering another person. In the course of trying to steal merchandise from a Rite Aid on East Allegheny Avenue in Philadelphia, Appellant cut two employees with a two–inch flip-out box cutter before the security officer could subdue him.

On April 24, 2012, the court imposed two concurrent terms of not less than two years nor more than four years of incarceration, to be followed by six years of probation, on the conviction of aggravated assault and robbery. Appellant was paroled on May 13, 2013.

Two months later, on July 22, 2013, Appellant was arrested in Berks County for possessing drugs. About five months after that, on December 11, 2013, Appellant was arrested, again in Berks County, for stealing from a grocery store.[1]

On September 19, 2014, based on the Berks County convictions, the trial court in this case revoked Appellant's six year probation, and imposed a

_____

[1] On May 29, 2014, Appellant entered guilty pleas in Berks County to retail theft and to intentional possession of a controlled substance. He received a sentence of not less than six nor more than twenty-four months' imprisonment for the possession offense and not less than one nor more than five years' imprisonment for the retail theft.

sentence of not less than one nor more than two years of incarceration on the aggravated assault count. The court ordered the sentence to run consecutively to the remainder of a parole sentence and consecutive sentences on the Berks County convictions. (*See* Trial Court Opinion, 6/20/16, at 2).

Appellant filed a timely motion for reconsideration of sentence, on September 29, 2014. The trial court acknowledges it did not rule on it. (*See id.*). Appellant filed a timely notice of appeal, on October 20, 2014.[2]

Counsel filed an *Anders* brief on August 11, 2016. Appellant has not responded. The *Anders* brief raises four questions for our review:

> 1. Did the [trial] court err in finding that [Appellant] violated his parole and probation, thereby justifying the imposition of a new sentence of incarceration?

> 2. Was [Appellant's] sentence legal?

> 3. Did the [trial] court err in imposing sentence before [Appellant] was permitted allocution?

> 4. Did the [trial] court err in not acting upon [Appellant's] motion for reconsideration of sentence?

(*Anders* Brief, at 3).

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super.

---

[2] Appellant timely filed a court-ordered statement of errors. The trial court filed its opinion on June 20, 2016. *See* Pa.R.A.P 1925.

2010) (citation omitted). In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**, [**supra**] at 361." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa. Super. 2014) (citation omitted). Specifically, counsel's **Anders** brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014).

The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Id.** (citation omitted). "Once counsel has satisfied the above

requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted).

Instantly, we conclude that counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. Counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel has also raised a sentencing claim that could arguably support an appeal, but ultimately concludes that the appeal is wholly frivolous.

Counsel has also attached to his petition a copy of a letter sent to Appellant, which included a copy of the brief, which meets the notice requirements of **Millisock**. Accordingly, we now proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

Preliminarily, we note that the only question which was properly preserved for review in the Rule 1925(b) statement of errors is the second one, legality of sentence. (**See** Statement of Errors Complained of on Appeal, 6/01/15; Corrected Statement of Errors Complained of on Appeal, 6/03/15).

However, it would not merit relief. ***See Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa. Super. 1999), *appeal denied*, 747 A.2d 900 (Pa. 1999) (holding court had authority to revoke appellant's probation despite

fact that, at time of revocation of probation, appellant had not yet begun to serve probationary portion of split sentence and even though offense on which revocation of probation was based occurred during parole period and not probationary period). All of Appellant's remaining questions are waived. Moreover, they would not merit relief.

First, the trial court did not err in finding that Appellant violated his parole and probation, by his new offenses, justifying imposition of a new sentence of incarceration. **See** 42 Pa.C.S.A. § 9771(a)-(c) (court may terminate continued supervision on proof, *inter alia*, that defendant has committed another crime); **see also Commonwealth v. Pasture**, 107 A.3d 21, 27–28 (Pa. 2014) (upon revoking probation, trial court limited only by maximum sentence it could have imposed originally at time of probationary sentence; once probation is revoked, court shall not impose sentence of total confinement unless it finds, *inter alia*, that defendant has been convicted of another crime). The first issue would not merit relief.

On the third issue, the notes of testimony confirm that, contrary to the allegation of denial of allocution, the sentencing court did not impose sentence until Appellant had an opportunity to allocute and was heard by the court. (**See** N.T. Violation of Probation, 9/19/14, at 15-16). Appellant's third claim would not merit relief.

In the fourth and final claim, the **Anders** brief assigns error to the trial court for not acting on Appellant's motion for reconsideration of sentence.

(*See Anders* Brief, at 3, 14-16). The sentencing court concedes that it did not rule on the petition to vacate. (*See* Trial Ct. Op., at 2).

Defense counsel maintains that the petition to vacate and reconsider sentence consists of only a bald allegation of excessiveness. (*See Anders* Brief, at 15; *see also* Petition to Vacate and Reconsider Sentence, 9/29/14). Counsel argues that the petition would not support a review of the discretionary aspects of sentence because it fails to present a substantial question. (*See Anders* Brief, at 15). Similarly, the Commonwealth argues that the petition to vacate was only a bald claim of excessiveness and was properly rejected. (*See* Commonwealth's Brief, at 11).

It is certainly true that the petition to vacate presents, in essence, no more than a boilerplate allegation that the sentence imposed "was excessive in that it far surpassed what was required to protect the public, the complainant, or the community, and was well beyond what was necessary to foster the defendant's rehabilitation." (Petition to Vacate, at 2 ¶ 6).

In any event, as noted by the Commonwealth, the violation of probation court did not act improperly in allowing Appellant's motion to reconsider to be denied as a matter of law.[3] (*See* Commonwealth's Brief, at 5, 10-11).

_____

[3] *See Commonwealth v. Coleman*, 721 A.2d 798, 799 (Pa. Super. 1998) (pursuant to Pa.R.Crim.P. 708, trial court divested of jurisdiction to enter order denying appellant's motion to modify his sentence after appeal;
*(Footnote Continued Next Page)*

> [W]hen an excessiveness claim is raised in cases where the sentence falls within the statutory limits, this Court is to review each claim on a case-by-case basis to determine whether a substantial question has been presented. The Supreme Court explained that while we need not accept bald allegations of excessiveness, where the appellant has provided a plausible argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process, a substantial question exists, requiring a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003) (citation omitted).

Here, we conclude that the record does not support a finding that there is a plausible argument that the sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process.

At the time of the revocation hearing, Appellant already had a record of twenty-four convictions for similar offenses. Within months of release on probation after the convictions at issue here, he committed two new offenses. Appellant's record confirmed that he was not amenable to rehabilitation. There is no basis either in the record or under controlling authority for the claim that Appellant's sentence was illegal or that it was excessive. On independent review, we find no other non-frivolous claims which could be raised on appeal.

Judgment of sentence affirmed. Petition to withdraw granted.

*(Footnote Continued)* ─────────────

sentencing court has only thirty days from imposition of sentence to modify sentence).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2017