J-S71009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CURTIS SMITH | : | |
| Appellant | : | No. 1114 EDA 2017 |

Appeal from the PCRA Order March 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013205-2009

BEFORE: PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 09, 2018**

Appellant, Curtis Smith, contends that he is entitled to have his right to file a post-sentence motion reinstated pursuant to the Post Conviction Relief Act ("PCRA"), as his trial counsel abandoned him. After careful review, we conclude Smith failed to establish any time-bar exceptions in his facially untimely PCRA petition. We therefore affirm.

In 2010, Smith pled guilty to one count of possession of oxycodone with intent to deliver ("PWID"). Smith was subsequently found to have violated the conditions of his parole due to being charged with a new crime. The court revoked Smith's parole, and imposed a statutory maximum sentence of 5 to 10 years' imprisonment.

Smith's attorney filed a post-sentence motion seeking a modification of the sentence. For reasons not clear from the record, the court never

_____

* Retired Senior Judge assigned to the Superior Court.

explicitly addressed the motion. Thus, the motion was denied by operation of law on June 19, 2013. **See** Pa.R.Crim.P. 708(E).

On October 31, 2014, Smith requested a copy of his docket sheets. Over two years later, Smith filed his *pro se* PCRA petition. He subsequently amended it, again *pro se*, and the court appointed counsel to represent him. Counsel filed another amended petition. In his amended PCRA petition, Smith acknowledges that a copy of his docket sheets was mailed to him on the same day it was received by the court. After several continuances, the PCRA court issued a notice of intent to dismiss. The court subsequently dismissed Smith's petition, despite his response to the notice. This timely appeal followed.

Smith argues the PCRA court erred in dismissing his petition as untimely. We review an order dismissing a petition under the PCRA by examining whether the court's determination is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the court's factual findings unless there is no support for them in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a court may decline to hold a hearing on a petition if it determines the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory "exceptions must be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 652 (citing 42 Pa.C.S.A. § 9545(b)(2)). Finally, exceptions to the PCRA's time bar must be pled in the petition. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007). **See also** Pa.R.A.P. 302(a).

Smith concedes his petition is facially untimely. **See** Appellant's Brief, at 13. He further concedes he did not plead any exceptions to the PCRA's time-bar. **See id**. The PCRA court's order is justified on this basis alone.

Even if Smith had pled the exceptions he argues on appeal, he would be due no relief. He first argues the court's failure to explicitly rule on his post-sentence motion constitutes interference by a government official and therefore qualifies for the timeliness exception contained in 42 Pa.C.S.A. § 9545(b)(1)(i). Unlike the procedure after the original imposition of sentence, the filing of motion to modify sentence after a revocation of probation or parole does not automatically toll the 30-day deadline for filing an appeal. **See Commonwealth v. Coleman**, 721 A.2d 798, 799 (Pa. Super. 1998).

Thus, the court had no duty to explicitly address Smith's motion for modification, and cannot be said to have interfered with Smith's rights.

In the alternative, Smith argues his discovery that trial counsel abandoned him entitles him to application of the time-bar exception contained in 42 Pa.C.S.A. 9545(b)(1)(ii), the unknown facts exception. However, as noted above, to qualify for this exception, Smith must have filed his petition within 60 days of learning trial counsel abandoned him. Smith concedes the docket sheets revealing trial counsel's failures were mailed to him on October 31, 2014. Yet he did not file his petition until January 20, 2016, well past 60 days from any reasonable implication that he received the docket sheets. He therefore cannot qualify for the exception contained in § 9545(b)(1)(ii).

As we conclude Smith has failed to plead or establish his facially untimely petition qualified for an exception to the PCRA's time-bar, we affirm the PCRA court's order dismissing his petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/18