**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**William COLEMAN, Appellant.**

Superior Court of Pennsylvania.

Filed Nov. 24, 1998.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Catherine Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before HUDOCK, EAKIN and LALLY–GREEN, JJ.

OPINION PER CURIAM:

This is an appeal from the judgment of sentence after the revocation of Appellant's parole and probation. The Commonwealth has filed a motion to quash this appeal as untimely filed. For the reasons that follow, we grant the Commonwealth's motion to quash this appeal.

On May 16, 1996, Appellant was sentenced to a term of three to twenty-three months' incarceration, plus a consecutive two-year term of probation, pursuant to a negotiated plea of guilty to robbery charges. Appellant was immediately paroled. After the trial court held a hearing and determined that he had violated the conditions of his probation, Appellant's parole and probation were revoked on February 20, 1997, and he was sentenced to a period of four to eight years' incarceration. Appellant was advised, at the conclusion of the violation of probation hearing, of his right to file a motion to modify his sentence within ten days and his right to appeal to this Court within thirty days. Appellant filed a timely motion to modify his sentence on February 28, 1997, but his notice of appeal was not filed until November 5, 1997.[1] Appellant's motion to modify his sentence was denied on July 18, 1997.

The Commonwealth, in its motion to quash this appeal, argues that this appeal was untimely filed because the trial court's order denying the appellant's motion to modify his sentence was entered outside the time limits established by Pa.R.Crim.P. 1410. Thus, the Commonwealth reasons that the appeal had to have been filed within thirty days of the February 20, 1997, order. The Commonwealth is correct in stating that the appeal was required to be filed within thirty days of the February 20 th order, but not because of the trial court's failure to comply with Rule 1410, since that rule is inapplicable in this matter.

Pa.R.Crim.P. 1409 governs the procedures to be followed when probation or parole is revoked. Rule 1409(D) dictates that a motion to modify sentence shall be filed within

---

1. Appellant has included, in his response to the motion to quash this appeal, a copy of a notice of appeal that was date-stamped August 12, 1997, by the lower court's filing office. The August 12, 1997, notice of appeal is not contained in the certified record. This Court may consider only the facts that have been duly certified in the record on appeal. *See* Pa.R.A.P.1921 note; *Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974). However, even if the trial court were to provide this Court with a supplemental record consisting of the August 12 th notice of appeal, it would not affect our disposition of this matter.

ten days of the date of imposition of the sentence. The 1997 Comment to Rule 1409 explains that Rule 1410 does not apply to revocation cases. Additionally, the 1997 Comment to Rule 1410 explains that the purpose of that rule pertains only to issues relating to guilty pleas, trial, and sentence, that is to say, ordinary criminal cases. The general rules setting forth the sentencing and post-sentencing procedures applicable to such matters do not apply when the case involves the revocation of parole, probation, or a sentence of intermediate punishment. We, therefore, hold that Rule 1410 does not apply to revocation of parole or probation proceedings.

Since the extended time period for filing a notice of appeal provided for in Rule 1410 is not available in revocation proceedings, a defendant seeking to appeal a revocation order must do so within the thirty-day time period prescribed by Pa.R.A.P. 903(a).[2] *See Commonwealth v. Barnett,* 293 Pa.Super. 420, 439 A.2d 182 (Pa.Super.1981) (holding that the denial of a motion to modify sentence, following a revocation of probation, does not extend the 30–day appeal period). Moreover, the trial court was divested of jurisdiction to enter the July 18, 1997, order denying the appellant's motion to modify his sentence. *See* 42 Pa.C.S.A. § 5505; *Commonwealth v. Bogden,* 364 Pa.Super. 300, 528 A.2d 168, 169 (Pa.Super.1987), *appeal denied,* 520 Pa. 595, 552 A.2d 249 (1988) (stating that "a sentencing court has only thirty days from the imposition of sentence within which to act to modify the sentence.").

The instant order of revocation and sentence was entered on February 20, 1997. Appellant filed a timely motion to modify the sentence that was imposed. However, he failed to file a notice of appeal within thirty days of that final order. Accordingly, the Commonwealth's motion to quash this appeal as untimely filed must be granted. *See Barnett,* 439 A.2d at 183.

Appellant has filed a petition of allowance of appeal *nunc pro tunc* with this Court. In his brief, he argues that this Court should grant him an appeal *nunc pro tunc* because it is clear from the record that he desired and requested his attorney to file an appeal and the failure to do so was due to extraordinary circumstances. While Appellant's allegations may be accurate, they are not clearly established by the record. As the Commonwealth notes in its response, Appellant may petition the trial court for an appeal *nunc pro tunc* pursuant to *Commonwealth v. Hall,* 713 A.2d 650 (Pa.Super.1998).

Motion to Quash Appeal granted. Petition for Allowance of Appeal *Nunc Pro Tunc* denied without prejudice to the Appellant's right to apply to the trial court for relief.

---

**2.** However, the trial court may extend the appeal period by expressly granting reconsideration or vacating the sentencing order within the 30–day jurisdictional period. *See* Pa.R.A.P. 1701(b)(3)(ii) & note. Instantly, the trial court did not expressly grant reconsideration or vacate the February 20, 1997, sentencing order within thirty days of imposition.