J-S65011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARLOS MARTINEZ, | |
| Appellant | No. 2381 EDA 2014 |

Appeal from the Judgment of Sentence Entered July 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001631-2010

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:             **FILED DECEMBER 08, 2015**

Appellant, Carlos Martinez, appeals from the judgment of sentence of an aggregate term of 4½ to 9 years' imprisonment, imposed after the court revoked his term of probation based on technical violations and a new conviction in an unrelated case.  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court summarized the procedural history of this case in its Pa.R.A.P. 1925(a) opinion, as follows:

> On April 21, 2010, [Appellant] pled guilty to Failure to Comply with Registration of Sexual Offenders Requirements (18 Pa.C.S. § 4915(a)(2))[,] a  felony of the second degree.[1] Sentencing was deferred pending completion of a mental health evaluation and pre-sentence investigation report.  On August 25, 2010, Judge Karen Shreeves-Johns sentenced [Appellant] to one

_____

[1] This case was docketed at CP-51-CR-0001631-2010.

year to two years['] incarceration followed by five years['] probation.

On March 14, 2013, a bench warrant was issued when [Appellant] did not appear at a hearing for a probation violation. On July 15, 2014, this [c]ourt conducted a … hearing, revoked [Appellant's] probation, and sentenced [Appellant] to two years['] to four years['] incarceration, credit for time served, and four years of consecutive reporting probation. This sentence was to run consecutive to CP-51-CR-0006106-2012, where [Appellant] was sentenced to two and a half years['] to five years['] incarceration by Judge Joan A. Brown for Contraband-Possession of controlled substance contraband by inmate prohibited (18 Pa.C.S. § 5123(a.2))[,] a felony of the second degree, and Knowingly or Intentionally Possessing a Controlled Substance by a Person not Registered (35 P.S. § 780-113(a)(16)), an ungraded misdemeanor. On July 28, 2014, [Appellant] filed a Petition to Vacate and Reconsider Sentence imposed by this [c]ourt.

Trial Court Opinion (TCO), 1/14/15, at 1-2.

The trial court did not expressly grant reconsideration or vacate Appellant's sentence. *See Commonwealth v. Coleman*, 721 A.2d 798, 799 n.2 (Pa. Super. 1998). On August 12, 2014, Appellant filed a timely notice of appeal. After the court granted Appellant's request for an extension of time to file a Pa.R.A.P. 1925(b) concise statement, Appellant timely filed a Rule 1925(b) statement, and the court subsequently filed a Rule 1925(a) opinion. Herein, Appellant presents the following issues for our review:

1. Did not the lower court err when it imposed a significant state sentence without ordering a pre-sentence investigation report where the judge was meeting [Appellant] for the very first time at the revocation hearing, did not gather sufficient information about [Appellant] to fashion an individualized punishment and failed to state her reasoning to dispense with a pre-sentence report on the record?

2. Did not the lower court err and violate the tenets of the Sentencing Code which mandate individualized sentencing when it utterly failed to consider [Appellant's] background, character or rehabilitative needs and imposed an excessive sentence of two to four years of consecutive confinement during a revocation of probation hearing?

Appellant's Brief at 4.

Appellant's allegations relate to the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted).

Initially, the Commonwealth argues that Appellant's claims are waived because he failed to raise his objections at the sentencing hearing and his post-sentence motion was untimely filed. We are constrained to agree. The record reflects that Appellant failed to raise any objections regarding the discretionary aspects of his sentence at the sentencing hearing on July 15,

- 3 -

2014, and Appellant's post-sentence motion to reconsider sentence was untimely filed on July 28, 2014.[2] *See* Pa.R.Crim.P. 708(E) (providing that a post-sentence motion to modify a sentence imposed after revocation shall be filed within ten days of the date of imposition); *See also Commonwealth v. Wrecks*, 931 A.2d 717 (Pa. Super. 2007) (stating "An untimely post-sentence motion does not preserve issues for appeal.").

Based on our conclusion that Appellant's claims have been waived, we are unable to address the merits of these issues.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2015

_____

[2] The trial court informed Appellant of the 10-day time requirement for filing a post-sentence motion. *See* N.T. Revocation Hearing, 7/15/14, at 13.