J-S15039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANCISCO SOSA, | |
| Appellant | No. 2082 EDA 2014 |

Appeal from the Judgment of Sentence March 13, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007184-2007

BEFORE: BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED MARCH 02, 2016**

Appellant, Francisco Sosa, appeals from the judgment of sentence entered following the revocation of his probation. For the reasons discussed below, we quash.

We take the underlying facts and procedural history in this matter from the trial court's July 16, 2015 opinion and our independent review of the certified record. On September 26, 2007, Appellant pleaded guilty to corruption of minors and a related charge. On January 9, 2008, the trial court sentenced Appellant to an aggregate term of incarceration of not less than eleven and one-half nor more than twenty-three months to be followed

_____

[*] Retired Senior Judge assigned to the Superior Court.

by a consecutive, aggregate term of twelve years' probation. Appellant did not file a direct appeal.

While on probation, in 2011, Appellant was arrested for a violation of probation, namely, failing to attend a mandatory sexual offender treatment program. The trial court held a violation hearing on January 25, 2011, and continued the hearing to see if the out-patient treatment program would be willing to re-admit Appellant. A second hearing took place on March 1, 2011; defense counsel informed the trial court that the original program would not re-admit Appellant but that there was a possibility that a different out-patient treatment program would admit him. After appointing new counsel for Appellant, the trial court again continued the matter. A third hearing took place on April 15, 2011; new counsel informed the court that the second program was unwilling to admit Appellant. Accordingly, the trial court found that Appellant had violated probation and sentenced Appellant to a term of incarceration of not less than two nor more than four years.

On April 25, 2011, counsel filed a motion for reconsideration of sentence, which the trial court denied on May 3, 2011. Appellant did not file a direct appeal.

On September 27, 2011, Appellant, acting *pro se*, filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court subsequently appointed counsel, who filed an amended

PCRA petition on August 20, 2012, seeking a new violation hearing and a new sentencing hearing.

On March 13, 2014, the trial court held a new sentencing hearing, and after extensive argument, resentenced Appellant to a term of incarceration of not less than two nor more than four years. That same day, counsel filed a motion for reconsideration of sentence. The trial court denied that motion by operation of law on July 15, 2014.

On July 17, 2014, Appellant filed a notice of appeal. On January 26, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on January 31, 2015. On July 16, 2015, the trial court issued an opinion.

On appeal, Appellant raises the following questions for our review:

> 1. Did the resentencing [c]ourt abuse its discretion and make an error of law which prejudiced Appellant by failing to request a [p]re-[s]entence [i]nvestigation report which would have allowed the [c]ourt to familiarize itself with Appellant's background and thereby would have allowed the [c]ourt to fashion an appropriate sentence?

> 2. Did the resentencing [c]ourt abuse its discretion and make an error of law which prejudiced Appellant by failing to provide Appellant with written [n]otice of his violation offense and by basing Appellant's violation determination on impermissible hearsay alone?

> 3. Did the resentencing [c]ourt abuse its discretion and make an error of law which prejudiced Appellant by failing to consider the evidence presented by Appellant at his resentencing hearing (and accepted by the Commonwealth) that Appellant had not missed several sex counseling sessions when Appellant

- 3 -

provided documentation that he attended some of the classes that he was alleged to have missed and did the resentencing [c]ourt abuse its discretion by mandating that Appellant attended such classes when Appellant had no financial resources to pay for such classes?

(Appellant's Brief, at 4).

Prior to addressing the merits of these claims, we must decide if they are properly before us. Although neither party raises the issue, "the [t]imeliness of an appeal is a jurisdictional question." *Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa. Super. 2011). Therefore, it may be raised *sua sponte*. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001). Further, "[w]hen a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace." *See Pena*, *supra* at 706. Our Rules of Appellate Procedure mandate that the notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Further, our Rules of Criminal Procedure provide that the filing of a motion to modify sentence following a revocation hearing does not toll the thirty-day appeal period. *See* Pa.R.Crim.P. 708(E); *Commonwealth v. Coleman*, 721 A.2d 798, 799 (Pa. Super. 1998). Time limitations on filing appeals are strictly construed. *See Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002).

Here, the record reflects that, at resentencing, Appellant was accurately informed of the correct appeal period. (*See* N.T. Resentencing,

3/13/14, at 14). Despite this, Appellant did not file an appeal within thirty days of the March 13, 2014 resentencing hearing. Rather, he filed his notice of appeal on July 17, 2014, two days after the denial of his post-sentence motion.[1] Thus, the present appeal is untimely. As such, we lack jurisdiction over this appeal and must, therefore, quash. **See Coleman**, **supra** at 799; **but cf. Coolbaugh**, **supra** at 791 (declining to quash appeal as untimely where trial court misstated appeal filing deadline following revocation hearing).

Appeal quashed.

Judge Olson joins the Memorandum.

President Judge Emeritus Bender notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016

---

[1] We note that the order denying Appellant's post-sentence motion incorrectly stated that Appellant could appeal within thirty days of the denial of the motion. (**See** Order, 7/15/14, at unnumbered page 1). However, as the trial court issued that order well after the expiration of the appeal period, it is of no matter.