J-S49036-16 & J-S49037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHARYEE SMITH, | |
| Appellant | No. 2325 EDA 2015 |

Appeal from the Judgment of Sentence March 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-0014979-2013

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KHARYEE SMITH, | |
| Appellant | No. 2327 EDA 2015 |

Appeal from the Judgment of Sentence March 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003013-2013

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JUNE 16, 2016**

Appellant Kharyee Smith files this appeal from the judgments of sentence imposed by the Court of Common Pleas of Philadelphia County after his probation was revoked at two separate dockets.  As Appellant's notice of appeal was untimely filed, we quash this appeal.

*Former Justice specially assigned to the Superior Court.

The lower court aptly set forth the relevant facts as follows:

On July 9, 2013, at docket number CP-51-CR-003013-2013, [Appellant] pled guilty to one count of attempted burglary (18 Pa.C.S. § 901) in front of the Honorable Angelo Foglietta of [the Court of Common Pleas]. Judge Foglietta imposed the negotiated sentence of five years reporting probation. On March 19, 2014, at docket number CP-51-CR-0014979-2013, [Appellant] pled guilty to one count of criminal trespass (18 Pa.C.S. § 3503) and one count criminal mischief (18 Pa.C.S. § 3304) in front of the Honorable Sierra Thomas-Street of this Court. Judge Thomas-Street imposed the negotiated sentence of three to twenty-three months incarceration followed by three years reporting probation on the criminal trespass charge with no further penalty on the criminal mischief charge. [Appellant's] guilty plea in front of Judge Thomas-Street gave rise to a direct violation of Judge Foglietta's probation and Judge Foglietta subsequently revoked [Appellant's] probation on April 14, 2014, and re-sentenced [Appellant] to time served to twelve months incarceration plus three years reporting probation.

On July 15, 2014, [Appellant] was arrested for robbery. Because the alleged robbery would be a direct violation of [Appellant's] probation in both of [Appellant's] cases, violation of probation ("VOP") proceedings were initiated in each case. Both of these matters were transferred to [the Honorable Glenn B. Bronson] under the First Judicial District's Focused Deterrence Program. [FN1] The [lower] court held a hearing pursuant to ***Commonwealth v. Kates***, 305 A.2d 701 (Pa. 1973) on December 17, 2014 and found [Appellant] in direct violation of his probation in the above cases. [FN2] On March 9, 2015, the [lower court] terminated [Appellant's] parole in his burglary case, revoked [Appellant's] probations, and resentenced [Appellant] to an aggregate term of three to six years incarceration plus four years reporting probation. [Appellant] filed post-sentence motions, which the Court denied on July 2, 2015.[1]

---

[1] At sentencing, the lower court informed Appellant of his right to file a notice of appeal or a post-sentence motion.

[FN1] Focused Deterrence is a First Judicial District Program aimed at reducing gun violence arising from gang related activity.

[FN2] A **Daisey Kates** hearing is a revocation hearing held regarding an alleged "direct violation" of parole or probation where the alleged violation is premised upon conduct that is the subject of an open criminal case, and the revocation hearing is held prior to [the] defendant's trial on the substantive criminal charges. This procedure was first approved by our Supreme Court in **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973).

Trial Court Opinion, 9/1/15, at 1-2. Appellant filed a notice of appeal on July 9, 2015.

On August 18, 2015, this Court issued a rule to show cause as to why the appeal should not be quashed as untimely filed, pointing out that a notice of appeal must be filed within thirty days of sentencing after a revocation hearing, regardless of whether a post-sentence motion is filed. Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period"). **See also Commonwealth v. Coleman**, 721 A.2d 798 (Pa.Super. 1998) (stating that a notice of appeal from a sentence imposed at a revocation hearing must be filed within thirty days from the date of sentencing).

Defense counsel filed a response on Appellant's behalf, asserting that he had rendered ineffective assistance in failing to file a timely notice of appeal in compliance with Rule 708(E). Counsel acknowledged that

Appellant had affirmatively indicated that he wished to file a direct appeal after sentencing, but counsel was unaware that pursuant to Rule 708(E), a post-sentence motion does not toll the appeal period after sentencing in a revocation case. As such, counsel believed he could file a timely notice of appeal thirty days from the denial of Appellant's post-sentence motion.

Before we may address the merits of Appellant's issues, we must first determine whether this appeal is properly before us. We may raise issues concerning our appellate jurisdiction *sua sponte*. **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied,* 960 A.2d 838 (Pa. 2008). In order to invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all "notice[s] of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Since this filing period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." **Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa.Super. 2011) (citation omitted).

Nevertheless, in his response to this Court's rule to show cause as to why this appeal should not be dismissed as untimely filed, Appellant essentially asks this Court to grant him a direct appeal *nunc pro tunc* as defense counsel asserts his own ineffectiveness in failing to file a timely notice of appeal pursuant to Rule 708(E). Our Supreme Court has consistently held that the PCRA "provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's

failure to perfect a direct appeal[.]" ***Commonwealth v. Ellis****,* 807 A.2d 838, 839 (Pa. 2002), *quoting* ***Commonwealth v. Lantzy****,* 736 A.2d 564, 569–70 (Pa. 1999). In ***Commonwealth v. Hall***, 565 Pa. 92, 94, 771 A.2d 1232, 1233 (2001), the Supreme Court held that a criminal defendant who failed to file a direct appeal from his judgment of sentence and thereafter failed to timely avail himself of the PCRA to attempt to secure restoration of his waived direct appeal, could not obtain collateral relief in the form of reinstatement of his direct appeal rights *nunc pro tunc* outside the requirements of the PCRA.

Likewise, we decline Appellant's request for this Court to overlook the untimeliness of his notice of appeal and review his claim of counsel's ineffectiveness, as we have no jurisdiction to do so outside the context of the PCRA.

Appeal quashed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016