J-S25024-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD DANIEL SHOLTIS, JR. | : | |
| | : | |
| Appellant | : | No. 1515 WDA 2017 |

Appeal from the Judgment of Sentence August 8, 2017
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0002045-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

JUDGMENT ORDER BY PANELLA, J.                    FILED AUGUST 30, 2018

Richard Sholtis, Jr. appeals from the judgment of sentence entered after preemptively revoked his automatic parole for failing a drug test while he was incarcerated on this sentence. He contends the court abused its discretion by increasing his minimum term of incarceration from three months to twelve months for conduct for which he was never criminally charged. We conclude we lack jurisdiction to entertain this appeal and dismiss.

Sholtis pled guilty to one count of retail theft and received a sentence of three to twenty-three months in prison. When the court imposed the sentence, it granted Sholtis automatic parole after he served his minimum sentence. While serving this sentence, Sholtis tested positive for a controlled substance.

The court held a parole revocation hearing on August 8, 2017.[1] The court revoked Sholtis's automatic parole, and imposed a minimum sentence of twelve months in prison.[2]

Sholtis filed a post-sentence motion arguing that the sentence imposed was unduly harsh and excessive. In the alternative, he asked the court to increase his maximum sentence to twenty-four months, in order to transfer him to a state prison, where he felt he could receive necessary treatment. He did not assert that the court erred in revoking his parole before he was under parole supervision. The court scheduled a hearing on Sholtis's motion for September 28, 2017, or 51 days after the court imposed sentence on the violation.[3]

"A motion to modify sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). Failure

_____

[1] The transcript of this hearing is not in the certified record, despite Sholtis's request for all transcripts in this matter. Sholtis has categorized his claim as one challenging the discretionary aspects of sentence. Furthermore, he does not cite to the revocation transcript in his brief. We therefore conclude this transcript is unnecessary to our resolution of this appeal.

[2] Sholtis concedes this twelve-month minimum is within the standard range of the Pennsylvania Sentencing Guidelines. See Appellant's Brief, at 5.

[3] The parties' briefs and other documents in the certified record indicate this hearing occurred on September 28, 2017. However, the transcript itself is dated October 28, 2017. As there is no indication that the court held two hearings on Sholtis's motion, we will treat this as a typographical error. For clarity's sake, we will refer to the transcript as it is labeled.

to file an appeal within the 30-day appeal period deprives this Court of jurisdiction to entertain the appeal. See Commonwealth v. Coleman, 721 A.2d 798, 799 (Pa. Super. 1998). Sholtis filed his appeal on October 10, 2017, 63 days after the court imposed sentence. We thus lack jurisdiction over Sholtis's appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2018