J-S77008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                    :  PENNSYLVANIA
                                                    :

              v.  :

                                                     :

NATE MITCHELL  :
                                                   :

                Appellant  :  No. 3237 EDA 2017

Appeal from the Judgment of Sentence August 16, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001577-2016,
CP-51-CR-0002317-2016, CP-51-CR-0005208-2015

BEFORE:  OTT, J., DUBOW, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:  **FILED DECEMBER 31, 2018**

Nate Mitchell appeals from the judgment of sentence imposed on August

16, 2017, at CP-51-CR-0001577-2016, CP-51-CR-0002317-2016, CP-51-CR-

0005208-2015.[1]  The trial judge sentenced Mitchell to an aggregate sentence

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] It is important to point out that counsel filed a notice of appeal and listed four docket numbers:  CR-51-0006869-2009, CP-51-CR-0001577-2016, CP-51-CR-0002317-2016, CP-51-CR-0005208-2015.  This Court issued a Rule to Show Cause as to why the appeal should not be quashed, as to CR-51-0006869-2009, as untimely filed on October 2, 2017, from the judgment of sentence imposed on August 16, 2017.  **See** Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30-day appeal period"); **see also Commonwealth v. Coleman**, 721 A.2d 798 (Pa. Super. 1998) (a notice of appeal from a sentence imposed at a revocation hearing must be filed within 30 days from the date of sentencing).

of imprisonment of 29 to 58 years, after Mitchell entered an open guilty plea to firearm charges at CP-51-CR-0005208-2015, rape and related offenses at CP-51-CR-0001577-2016, rape and related offenses at CP-51-CR-0002317-2016, and the trial court found Mitchell in violation of his probation at CP-51-CR-0006869-2009, regarding a prior conviction for aggravated assault. Based upon the following, we affirm.

The trial court has summarized the procedural background of this case, as follows:

> With respect to CP-51-CR-0006869-2009, on June 16, 2009, Nate Mitchell, Defendant, pled guilty before this Court to Aggravated Assault (18 Pa.C.S.A. § 2702(a)), and was sentenced to four (4) years of probation. Following a Violation of Probation ("VOP") hearing on December 11, 2013, this Court revoked [Mitchell's] probation and imposed a sentence of six (6) to twenty three (23) months of confinement, followed by five (5) years of probation.
>
> On May 5, 2015, while on this Court's probation, [Mitchell] was arrested for Violations of the Uniform Firearms Act ("VUFA") offenses. On September 30, 2015, [Mitchell] pled guilty to Possession of a Firearm Prohibited, Firearms Not to Be Carried Without a License, and Carrying a Firearm on the Public Streets of Philadelphia. Sentencing on these cases was deferred pending resolution of [Mitchell's] other open cases, which are discussed below.
>
> At the time of [Mitchell's] arrest in May 2015, DNA samples were taken which, on May 28, 2015, proved to be a match for two open rape cases in Philadelphia. Both of the rapes occurred in 2008. The first took place on September 12, 2008. The victim was waiting for a friend in a parking lot when [Mitchell] attacked her

Mitchell did not file a response. The appeal as to CR-51-0006869-2009 has been quashed as untimely filed. The appeal is still active as to the remaining docket numbers (CP-51-CR-0001577-2016, CP-51-CR-0002317-2016, CP-51-CR-0005208-2015).

and raped her orally [and] vaginally. N.T. 5/3/2017 at 5, 7. During the attack, [Mitchell] told the victim that he would "really hurt" her if she did not stop crying. *Id.* at 6. He also told her "now you can tell your boyfriend you have AIDS." *Id.* at 6. The victim went to the hospital for treatment for her injuries, at which time a sexual assault evidence kit was obtained and a specimen was retrieved and analyzed for DNA and submitted to the Combined DNA Indexing System ("CODIS"). *Id.* On May 28, 2015, DNA analysis confirmed that the DNA from the evidence kit came from [Mitchell].

The second rape occurred on October 10, 2008. The victim in that case was working as a prostitute when [Mitchell] approached her and asked for oral sex. N.T. 5/3/2017 at 6. [Mitchell] told the victim they could go to his sister's house nearby. [Mitchell] then led the victim to a vacant lot, grabbed her by the throat, and strangled her. N.T. 8/16/2017 at 11. [Mitchell] raped the victim orally, vaginally, and anally. At one point he wiped himself off with the victim's bra and then raped her again. N.T. 5/3/2017 at 7. He told her he would kill her if she did not do as she was told. *Id.* 6-7. The victim waited briefly after the attack before running and screaming for help. Police [] recovered the victim's bra and jeans. A specimen was retrieved from the clothing, analyzed for DNA, and submitted to CODIS. On May 28, 2015, DNA analysis confirmed that the DNA found on the victim's clothing came from [Mitchell].

On May 3, 2017, [Mitchell] pled guilty before this Court to two (2) counts of Rape (18 Pa.C.S.A. § 3121(a)(1)), two (2) counts of Involuntary Deviate Sexual Intercourse ("IDSI") (18 Pa.C.S.A. § 3123(a)(1)), two (2) counts of Unlawful Restraint (18 Pa.C.S.A. § 2902(a)(1)), and one (1) count of Aggravated Assault (18 Pa. C.S.A. § 2702(a)). On August 16, 2017, following a hearing, this Court sentenced [Mitchell] as follows. On docket CP-51-CR-0001577-2016, this Court sentenced [Mitchell] to ten (10) to twenty (20) years of confinement for Rape, ten (10) to twenty (20) years of confinement for Aggravated Assault, ten (10) to twenty (20) years of confinement for IDSI, and no further penalties for Unlawful Restraint, to run concurrent to one another and consecutive to the sentences imposed on all other dockets. On docket CP-51-CR-0002317-2016, this Court sentenced [Mitchell] to ten (10) to twenty (20) years of confinement for Rape, ten (10) to twenty (20) years of confinement for IDSI, and no further penalties for Unlawful Restraint, to run concurrent to

one another and consecutive to the sentences imposed on all other dockets. On docket CP-51-CR-0005208-2015, this Court sentenced [Mitchell] to five (5) to ten (10) years of confinement for Possession of a Firearm Prohibited, three and one-half (3 1/2) to seven (7) years of confinement for Firearms Not to be Carried Without a License, and two and one-half (2 1/2) to five (5) years of confinement for Carrying a Firearm on the Public Streets of Philadelphia, to run concurrent to one another and consecutive to the sentences imposed on all other dockets. This Court also found [Mitchell] to be in violation of [his] probation on CP-51-CR-0006869-2009, and revoked probation and imposed a VOP sentence of four (4) to eight (8) years of confinement for Aggravated Assault, to run consecutive to all other sentences imposed. In total, this Court issued an aggregate sentence of twenty nine (29) to fifty eight (58) years of confinement.

[Mitchell] filed a Motion for Reconsideration of Sentence on August 28, 2017. This Court denied [Mitchell's] motion on September 6, 2017. [Mitchell] then filed a Notice of Appeal to the Superior Court of Pennsylvania on October 2, 2017. On October 18, 2017, this Court issued an order pursuant to Pa.R.A.P. 1925(b) requiring [Mitchell] to file a Concise Statement of Matters Complained of on Appeal within twenty one days. [Mitchell] asked for additional time to submit a Concise Statement, as not all notes of testimony were available. This Court granted that request on November 15, 2017, and [Mitchell] submitted a Concise Statement on December 5, 2017.

Trial Court Opinion, 1/24/2018, at 1-4.

The two issues raised in this appeal are challenges to the discretionary aspects of the sentence.[2]  As already noted, only the sentences imposed at CP-51-CR-0001577-2016, CP-51-CR-0002317-2016, CP-51-CR-0005208-2015 are at issue.  Specifically, Mitchell raises the following questions:

    (1)    Did the lower court err when sentencing [Mitchell] to a combined twenty-nine to fifty-eight years' imprisonment,

---

[2] Mitchell timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

where the guidelines called for a sentence of forty-eight to sixty-six months per offense, and where the court did not address any mitigating factors, including: accepting responsibility, pleading guilty and thus saving the Commonwealth the expense of a lengthy trial, and sparing the victims from having to re-live the crime?

(2)   Did the lower court err in issuing consecutive sentences instead of concurrent sentences without providing adequate reason for doing so?

Mitchell's Brief at 2.[3]

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute."  ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007).  (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved  at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, Mitchell filed a timely notice of appeal.  In addition, this Court granted Mitchell permission to file a supplemental filing, and Mitchell has filed a supplemental brief, consisting of the requisite statement pursuant to

---

[3] Mitchell's brief states that Mitchell is currently 30 years old.  ***See*** Mitchell's Brief at 8.

Pa.R.A.P. 2119(f). *See* Mitchell's Supplemental Brief, filed 11/21/2018. Moreover, counsel for Mitchell preserved the claims by raising them in a post-sentence motion. Therefore, we may proceed to determine whether Mitchell has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013).

With respect to whether an issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *See Commonwealth v. Paul*, 2007 PA Super 134, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 2013 PA Super 70, 65 A.3d 932, 2013 WL 1313089, *2 (Pa. Super. filed 4/2/13) (quotation and quotation marks omitted).

*Edwards*, 71 A.3d at 330 (citation omitted). Moreover,

> [w]e have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court recognizes that 42 Pa.C.S.[] § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. ...
>
> However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may

> create a substantial question. When determining whether a substantial question has been raised, we have focused upon whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case.

*Commonwealth v. Zirkle*, 107 A.3d 127, 133-134 (Pa. Super. 2014) (citations and internal quotation marks omitted).

In the Rule 2119(f) Statement, Mitchell states the trial court (1) abused its discretion in sentencing Mitchell to an unduly harsh sentence by imposing consecutive, not concurrent sentences, and in giving an aggregate sentence of 29-58 years' imprisonment, far above the guideline sentences of 4-6 years, and (2) erred in justifying its sentence by characterizing Mitchell as a violent threat, despite the Sexual Offenders Assessment Board's determination that Mitchell was not sexually violent and not a predator.

Our review shows the criminal conduct at issue involves three dockets: one docket involving two firearm violations, and two dockets that each involve charges of rape, involuntary deviate sexual intercourse, and unlawful restraint. There is also an aggravated assault charge at one of the two dockets. The rapes were vicious, and during both Mitchell threatened the victims with more violence if they did not cooperate with him. Furthermore, when Mitchell committed the firearms offenses, he had a prior aggravated assault conviction, for which he was on probation. Pursuant to *Zirkle*, given the crimes at issue and the circumstances surrounding them, we conclude the trial court's decision to run the sentences consecutively does not result in a

J-S77008-18

facially excessive sentence. Consequently, Mitchell's challenge to the consecutive sentences does not present a substantial question.

Moreover, although Mitchell claims the trial court erred in justifying its sentence by characterizing him as a violent threat despite the Sexual Offenders Assessment Board's determination that Mitchell was not a sexually violent predator, Mitchell has failed to explain what specific provision of the sentencing code or fundamental norm underlying the sentencing process has been violated. In this regard, it is well settled that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. *Commonwealth v. Bullock*, 868 A.2d 516, 529 (Pa. Super. 2005). Therefore, Mitchell has failed to raise a substantial question on this basis, as well.

> Even if Mitchell had raised a substantial question, no relief would be due.
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013).

Further, pursuant to statute, upon review, our Court is required to vacate a sentence and remand with instructions, if the trial court has imposed

a sentence "outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3).

At the time of sentencing, the trial judge explained his rationale for the sentences:

> I made them consecutive because of the reason I said: He's a threat to the public. These are violent crimes. I need to protect the public. He rapes two women within a 28-day limit. He tells a woman she has AIDS. She has to live with that for seven years not knowing whether she's going to die or not. I sent him for rehabilitation to try to rehabilitate him and then for punishment for the heinous crime he committed on the public in raping women. And also for the violence he used in raping the women.

N.T., 8/16/2017, at 18-19.

> In his opinion, the trial judge expounded:

> This Court heard a great deal about the mitigating circumstances in this case, and considered all of them when fashioning [Mitchell's] sentence. This Court considered the fact that, once apprehended, [Mitchell] chose to plead guilty, accepting responsibility and sparing his victims further trauma. [Mitchell] has worked to become a better man in prison. [Mitchell] apologized to his victims in court. He says that he is now a Christian, and that he regularly attends services. He expressed a desire to be a productive member of society upon his release, and was in fact working at the time of his arrest. He has a daughter, and his mother and brother appeared at the sentencing hearing to show their support.[1] This Court does not doubt that [Mitchell] has come a long way since 2008. The fact remains that he has not come far enough.

_____

[1] [Mitchell] argues that this Court "did not address any mitigating factors," however, it is clear from the record that this Court was well aware of, and considered, the mitigation presented. This Court asked [Mitchell] to speak up during his allocution, and made comments indicating it understood what [Mitchell] was saying. N.T. 8/16/2017 at 13. This Court also briefly questioned [Mitchell] and trial

> counsel as to the presence of [Mitchell's] family members at the sentencing hearing. ***Id.*** at 14.

_____

> This Court cannot accept that violently attacking two women within a one month period was, as [Mitchell] suggests, a product of his youth. N.T. 8/13/2017 ("Before I was a man, I was a boy. I've grown."). Nor does this Court believe that the Sentencing Guidelines take into account circumstances such as this, where two violent attacks are committed in such a short period of time, and where the attacker goes out of his way to psychologically antagonize and terrify at least one of his victims for years to come by telling her he has given her AIDS. This Court believes that [Mitchell] is remorseful, but notes that he is not so remorseful that he turned himself in to police for the rapes he committed. He was not remorseful enough to abide by the terms of his probation, or to decline to own a firearm he is expressly prohibited from possessing. Nothing about [Mitchell's] conduct prior to his incarceration shows that he felt any particular remorse, or that he is capable of modifying his behavior when not confined. As such, this Court formulated its sentence both so that [Mitchell] may continue to rehabilitate himself while incarcerated, and to protect the public. ***Id.*** at 19. This Court also addressed its reasons for imposing consecutive sentences on the record, citing the short timeframe in which the rapes were committed, and the extreme violence [Mitchell] exhibited during the commission of those crimes. ***Id.*** at 18-19. ....

Trial Court Opinion, 1/24/2018, at 6-7.

In light of the record, and applying our standard of review, there would be no basis upon which to disturb the trial court's decision to impose an above-guideline sentence of 29 to 58 years' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/31/18</u>