J-S09036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :             PENNSYLVANIA
   :
             v.           :
   :
   :
KHAALIQ D. CORE           :
   :
          Appellant     :   No. 3290 EDA 2018

Appeal from the Judgment of Sentence Entered February 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010831-2012

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:         **FILED APRIL 13, 2020**

Appellant, Khaaliq D. Core, appeals from the judgment of sentence of six to twelve years of confinement followed by five years of probation imposed after the revocation of his prior probationary sentence for aggravated assault, robbery, and conspiracy to commit robbery.[1]  We affirm.

Appellant pleaded guilty to the aforementioned charges, was sentenced to 11½ to 23 months of confinement followed by seven years of probation, and was immediately paroled.  On November 17, 2016, the trial court found Appellant in violation of his probation.  On February 23, 2017, the trial court imposed the aforementioned sentence.  The next day, Appellant filed a motion

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 3701(a)(1)(ii), and 903, respectively.

for reconsideration, which the trial court denied on April 5, 2017. The following day, Appellant filed a notice of appeal. On June 12, 2017, this Court quashed that appeal as untimely. *See* Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30-day appeal period"); *see also* ***Commonwealth v. Coleman***, 721 A.2d 798 (Pa. Super. 1998) (a notice of appeal from a sentence imposed at a revocation hearing must be filed within thirty days from the date of sentencing).

On February 21, 2018, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"),[2] and, on October 17, 2018, the PCRA court reinstated his appellate rights *nunc pro tunc*. On November 13, 2018, Appellant filed this timely direct appeal.

Two days later, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order. Appellant failed to file a concise statement of errors, and, on December 21, 2018, the trial court entered an opinion finding all issues waived. On January 3, 2019, Appellant filed an application with this Court, requesting remand to the trial court in order to file a concise statement, which this Court granted on January 29, 2019. On February 13, 2019, Appellant filed his concise statement, and, on August 20, 2019, the trial court entered a supplemental opinion.

---

[2] 42 Pa.C.S. §§ 9541–9546.

Appellant now presents the following issue for our review:

Did the trial court err in imposing an excessive sentence which appears to be a manifest abuse of discretion when it is beyond the sentencing guidelines for the offense committed; and the sentence is extremely disproportionate and unreasonable for the nature of the technical violation of probation committed?

Appellant's Brief at 3.

In *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*), we held that our scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges. However,

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion. However, his brief does not include a statement pursuant to Pa.R.A.P. 2119(f) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."). Consequently, Appellant's brief has a fatal defect, and, ergo,

he has failed to preserve his challenge to the discretionary aspects of his sentence. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20