**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOBIAS WADE ALLEN | : | |
| | : | |
| Appellant | : | No. 986 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 11, 2022
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):  CP-16-CR-0000348-2019

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED: July 28, 2023**

Tobias Wade Allen appeals the judgment of sentence entered following the revocation of his probation. He argues the trial court improperly held a probation-revocation hearing ("***Gagnon II*** hearing")[1] and revoked his probation before it disposed of the new charges lodged against him while he was on probation. He also asserts the trial court violated his due process rights during the ***Gagnon II*** hearing. We are unable to reach the merits of either of these issues, however, as we are constrained to quash Allen's appeal as untimely.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Gagnon v. Scarpelli,*** 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

We focus on the procedural history of this case, as that is central to the resolution of this appeal. On September 22, 2021, Allen was sentenced to one year probation after pleading guilty to simple assault. The conditions of Allen's probation required Allen to comply with all laws, and prohibited him from possessing a firearm, possessing or using controlled substances or alcohol, and engaging in behavior which presented a clear and present danger to himself or others.

Less than one month after he was sentenced to probation, Allen was arrested for, among other offenses, attempted homicide, aggravated assault and persons prohibited from possessing a firearm at docket number CP-16-CR-462-2021. He was subsequently detained for violating several conditions of his probation, and waived his right to a *Gagnon I* hearing on October 25, 2021. Allen's *Gagnon II* hearing was scheduled for November 18, 2021, but was continued several times for a variety of reasons.

The *Gagnon II* hearing was ultimately held on July 11, 2022. Following the hearing, the trial court found that Allen had violated his probation by possessing a firearm and by engaging in behavior that endangered himself and others. The court therefore revoked Allen's probation, and immediately resentenced him to one to two years in state prison. It entered its sentencing order that same day, July 11, 2022.

On July 21, 2022, Allen filed a timely post-sentence motion. The court denied the motion on July 27, 2022. However, Allen did not file a notice of appeal from his judgment of sentence until August 25, 2022.

This Court issued a rule to show cause why the appeal should not be quashed as untimely, as post-sentence motions do not toll the 30-day appeal period for revocation-of-probation sentences, and Allen's appeal was filed more than 30 days after sentencing. *See* Pa.R.Crim.P. 708(E) (providing that a motion to modify a sentence imposed after a revocation shall be filed within ten days of the date of sentencing and will not toll the 30-day appeal period).

Counsel for Allen filed a response to the rule-to-show-cause order. In the response, counsel conceded Allen's notice of appeal was facially untimely but argued this Court should not quash the appeal in the interests of justice. Primarily, counsel asserted he did not file the appeal in the instant case until August 25, 2022 because the issues raised in this appeal were related to the charges at docket number CR-462-2021. He noted that Allen pled guilty to charges at that docket on July 15, 2022, which was four days after his probation in the instant matter had been revoked, and was not sentenced on the charges at docket number CR-462-2021 until August 24, 2022. According to counsel, he waited to file the appeal in the instant matter until after Allen was sentenced in the other matter as "some of [the] issues [in the instant appeal] were not fully ripe until [Allen] was sentenced at CR-462-2021." Letter

- 3 -

in Response to Show Cause Why Appeal Should Not be Quashed, 9/28/2022, at 1 (unpaginated).

This Court discharged the rule-to-show-cause order and allowed the appeal to proceed. The discharge order, however, specifically advised counsel that the issue of timeliness may be revisited by the panel assigned to review the merits of the appeal and counsel "should be prepared to address in Appellant's brief any concerns that panel may have regarding the issue." Order, 1/10/2023 (single page).

Counsel chose not to do so. However, we still must address the issue given that the timeliness of an appeal implicates our jurisdiction. *See Commonwealth v. Moir,* 766 A.2d 1253, 1254 (Pa. Super. 2000) (stating that the question of the timeliness of an appeal is jurisdictional). We find Allen's appeal is untimely under Rule 708 of the Rules of Criminal Procedure, and we therefore do not have jurisdiction to consider the merits of the appeal.

Rule 708 governs hearings and dispositions related to the violation of probation, intermediate punishment or parole. It provides that at the time of sentencing, the court must advise the defendant on the record of the right to file a motion to modify sentence and to appeal. *See* Pa.R.Crim.P. 708 (D)(3)(a). The trial court did that here. *See* N.T., 7/11/22, at 47. Rule 708(E) also specifically addresses motions to modify sentences:

> A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.

Pa.R.Crim.P. 708(E).

Despite the clarity of this second statement, the Comment to Rule 708 provides even further clarification by stating:

> Under this rule, the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. Any appeal must be filed within 30 days of the imposition of sentence unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence. ***See Commonwealth v. Coleman***, 721 A.2d 798, 799 fn.2 (Pa. Super. 1998).

Pa.R.Crim. P. 708 Cmt.

Here, Allen's probation was revoked on July 11, 2022, and he was resentenced that same day. Even though Allen filed a timely post-sentence motion, Rule 708 makes abundantly clear that he still only had 30 days to file an appeal from the imposition of the sentence on July 11, 2022, or by August 10, 2022. He did not file his notice of appeal, however, until August 25, 2022. His appeal is therefore untimely.

The Comment to Rule 708 does provide two exceptions to this deadline, specifically where the trial court expressly grants reconsideration or vacates the sentence. The trial court took neither of these actions here. And while Allen argued in his response to the rule-to-show-cause order that we should allow his untimely appeal to proceed based on the interests of justice, that is not one of the exceptions listed by the Comment or specified as an exception in the Rule itself. ***Compare, e.g.***, Pa.R.Crim.P. 106, 500, 564, 578, 587 (providing for the taking of actions or the allowance of noncompliance when

warranted by "the interests of justice"). In any event, we note that Allen abandoned this argument on appeal. He did not renew this - or for that matter any - argument regarding the timeliness of his appeal in his appellate brief despite this Court's instruction in its order discharging the rule-to-show-cause advising him to do so.[2]

Based on the clear dictates of Rule 708, Allen's notice of appeal was untimely and we therefore are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023

---

[2] We also note that this Court declined to quash an untimely appeal from a revocation-of-probation sentence in **Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa.Super. 2003), because the trial court in that case misinformed Parlante that she had 30 days to appeal her sentence after the denial of any post-sentence motion she filed. Here, unlike in **Parlante**, the trial court did not misadvise Allen that he could file a notice of appeal more than 30 days after the imposition of his revocation-of-probation sentence.