J-S40038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MILTON SIERRA | : | |
| | : | |
| Appellant | : | No. 2189 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010233-2016

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:　　　　　　　　　**FILED FEBRUARY 5, 2025**

Milton Sierra ("Sierra") appeals from the judgment of sentence imposed following the revocation of his probation.  After review, we affirm.

In July 2016, a police field unit received a tip that Sierra "was selling narcotics."  N.T., 2/26/18, at 11.  A field unit officer thereafter contacted Sierra via cell phone and met with him on three separate occasions.  ***See id***. During one of these meetings, the field unit officer purchased cocaine from Sierra.  ***See id***.  On July 13, 2016, police officers arrested Sierra, searched his person, and recovered, *inter alia*, cocaine, marijuana, and keys to an address at 7119 Walker Street.  ***See id***.  Police thereafter obtained and executed a search warrant on this address, relevantly recovering an additional twenty-eight grams of cocaine, seventy-four grams of marijuana, and two

scales. *See id*. at 11-12. The Commonwealth charged Sierra with numerous offenses, including possession with intent to deliver ("PWID").[1]

On February 26 2018, Sierra entered a negotiated guilty plea to PWID ("the drug conviction"), and the Commonwealth *nolle prossed* the remaining charges. That same day, the trial court sentenced Sierra to eleven and one-half to twenty-three months' imprisonment, followed by six months of house arrest and two years of probation. As a condition of his probation for the drug conviction, the trial court prohibited Sierra from coming into contact with illegal narcotics or weapons. Sierra did not appeal the judgment of sentence.

In November 2021, while serving the probationary term of his sentence for the drug conviction, Sierra shot an individual with a prohibited firearm. Police arrested Sierra and charged him with aggravated assault and possession of a firearm prohibited. Sierra pleaded guilty to these charges before a different trial judge, who sentenced Sierra to four and one-half to fifteen years' imprisonment ("the shooting conviction").

Sierra's probation officer learned of the shooting conviction and notified the trial court that Sierra violated the terms of his probation for the drug conviction. On August 15, 2023, the trial court conducted a violation of probation hearing at which it determined that the shooting conviction constituted a direct violation of the terms of Sierra's probationary sentence for the drug conviction. Consequently, the trial court revoked Sierra's

---

[1] *See* 35 P.S. § 780-113(a)(30).

probation, and resentenced him to a term of four to eight years' imprisonment to be served consecutively to any other sentence that Sierra was already serving ("the VOP sentence").

On August 17, 2023, Sierra filed a timely *pro se* motion for reconsideration of sentence, requesting that the court modify the VOP sentence to run concurrently to his other sentences. That same day, Sierra additionally filed a timely *pro se* notice of appeal.[2] The trial court did not rule on the motion or expressly grant reconsideration within the thirty-day appeal period following the entry of the VOP sentence. The trial court appointed counsel, and both Sierra and the trial court complied with Pa.R.A.P. 1925.[3]

---

[2] A notice of appeal must be filed within thirty days after the entry of the order appealed from. **See** Pa.R.A.P. 903(a). An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has thirty days to appeal, regardless of whether or not he files a post-sentence motion. **See** Pa.R.Crim.P. 708(E) (providing that the filing of a motion to modify sentence will not toll the thirty-day appeal period); **see also Commonwealth v. Coleman**, 721 A.2d 798, 799 (Pa. Super. 1998) (holding that, because the filing of a motion to modify sentence following a revocation of probation does not extend the appeal period, a party seeking to appeal a revocation sentence must do so within the thirty-day appeal period prescribed by Rule 903(a)). Although the filing of a notice of appeal generally divests the trial court of jurisdiction, an exception applies where the defendant files a timely motion for reconsideration of a revocation sentence and the court expressly grants reconsideration within the appeal period. **See** Pa.R.A.P. 1701(b)(3); **see also id**. Comment (stating "because the clock is running on the appeal period and the period for reconsideration simultaneously, filing the notice of appeal at the same time as or shortly after the motion for reconsideration will protect against waiver of the appeal if the trial court . . . fails to act").

[3] Although the trial court initially ordered Sierra to file a Rule 1925(b) statement on September 8, 2023, the proceedings were delayed due to confusion among the attorneys representing Sierra. **See** Trial Court Opinion,
*(Footnote Continued Next Page)*

- 3 -

Sierra raises the following issue for our review:

Whether the lower court determination and [o]rder of August 15, 2023 revoking [Sierra's] probation for violating its terms and resentencing him to a [four-to-eight] year state sentence was an abuse of discretion where it failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) and/or any mitigating evidence when it imposed the VOP sentence?

Sierra's Brief at 11.

Sierra's issue presents a challenge to the discretionary aspects of the VOP sentence. As our Court has explained:

[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying [the following] four-part test . . . : (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify [the] sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations and internal brackets omitted). Relevantly, when an appellant challenging the discretionary aspects of his sentence does not include a separate Rule 2119(f) statement in his brief and the Commonwealth objects to this omission, this Court is precluded from reviewing the merits of the claim and the appeal must

---

5/16/24, at 2-3. Due to these delays, the court filed additional Rule 1925(b) orders on February 13, 2024, and on March 12, 2024. *See id*. On March 13, 2024, Sierra filed a timely, counseled concise statement in compliance with the third order. *See id*.

be denied. ***See Commonwealth v. Kiesel***, 854 A.2d 530, 532-33 (Pa. Super. 2004).

Here, although Sierra filed a timely notice of appeal, he did not preserve his issue by raising it at sentencing or in his motion for reconsideration. ***See*** Pa.R.Crim.P. 720; ***see also*** N.T, 8/15/23, at 22-24; *Pro Se* Motion for Reconsideration, 8/17/23, at 1. Sierra also failed to include a separate Rule 2119(f) statement in his brief, and the Commonwealth has objected to Sierra's failure to do so. ***See*** Commonwealth's Brief at 6. Accordingly, as Sierra failed to invoke this Court's jurisdiction, this Court is precluded from ruling on the merits of his discretionary sentencing claim.[4] ***See Kiesel*** at 532-33.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/05/2025

---

[4] We recognize the trial court "acknowledges it misspoke" when it ordered that Sierra's revocation sentence run consecutively, and not concurrently, to the sentence imposed for the shooting conviction. Trial Court Opinion, 5/16/24, at 13. However, because Sierra failed to invoke this Court's jurisdiction, and this issue was not preserved for our review, we are unable to remand for the trial court to correct its mistake. ***See Kiesel*** at 532-33. Nevertheless, nothing prevents Sierra from seeking relief for this sentencing mistake by raising it in the lower court.