J-A03009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN W. SPANGENBERG | : | |
| | : | |
| Appellant | : | No. 1295 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 23, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001590-2010

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 14, 2021**

Brian W. Spangenberg (Appellant) appeals from the judgment of sentence imposed following revocation of his probation and resentencing for robbery.[1]  Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the factual and procedural history of this case as follows:

> On November 16, 2009, McCarthy Taxi company reported a robbery by a masked male, later determined to be Appellant. Upon arrival, the Scranton Police found the McCarthy dispatcher covered in blood due to blunt-force head trauma.  Police learned

---

[1] 18 Pa.C.S.A. § 3701(a)(1).

that the Appellant, a former McCarthy employee, smashed surveillance cameras and assaulted the dispatcher by repeatedly hitting him in the head and face with a tire iron, causing severe injuries and hospitalization. Later, the Appellant utilized the same tire iron to pry open a metal safe, stealing cash deposits. The injured dispatcher fear[ed] for his life and begged the Appellant to take the money and leave. The Appellant fled the scene. During the police investigation, the Appellant's girlfriend, Amber Lewis, and her daughter, confessed that the Appellant committed the robbery and assault at McCarthy Taxi Cab Company. . . .

Subsequently, on July 29, 2010, the Appellant entered a guilty plea to one count of Robbery, 18 Pa.C.S.A. § 3701(a)(1). After completion of a pre-sentence investigative report, this [c]ourt sentenced the Appellant on October 19, 2010, to four (4) to eight (8) years of state incarceration, followed by two (2) years of state supervised probation. While serving parole for the instant offense, and prior to commencement of the two (2) years state supervised probation, the Appellant re-offended on January 17, 2018. In a sixteen (16) count criminal information the Commonwealth alleged that the Appellant burglarized a VFW post and an American Legion post between November 26, 2017 and November 29, 2017.

On December 10, 2018, the Appellant entered a negotiated guilty plea to one (1) count of Burglary and three (3) counts of Criminal Trespass. The Appellant's conviction violated the probationary term of his original sentence. Thereafter, on April 23, 2019, this [c]ourt revoked the two (2) year probationary sentence on 10 CR 1590 and re-sentenced the Appellant to twenty-four (24) – forty-eight (48) months state incarceration. On May 1, 2019, the Appellant filed a Motion for Reconsideration of Sentence, alleging an improperly calculated prior record RFEL score, absence of a Gagnon I [hearing], improper probation revocation, and challenging the discretionary aspects of the Appellant's consecutive sentence. The Commonwealth filed a response, and this [c]ourt conducted a hearing on June 10, 2019. Subsequently, this [c]ourt denied the Appellant's motion in its entirety on June 28, 2019.

Trial Court Opinion, 8/5/20, at 1-3 (citations omitted).

## Timeliness of Appeal

At the outset, we must determine whether this appeal is properly before us. "The question of timeliness of an appeal is jurisdictional." *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000) (citation omitted). "In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days after the date of entry of that order." *Id.* (citing, *inter alia*, Pa.R.A.P. 903(a)).

Rule 708(E) of the Pennsylvania Rules of Criminal Procedure provides that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition." *Id.* "The filing of a motion to modify sentence will not toll the 30-day appeal period." *Id.* "Under this rule, the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence." Pa.R.Crim.P. 708 (comment) (citing *Commonwealth v. Coleman*, 721 A.2d 798, 799 n.2 (Pa. Super. 1998); Pa.R.A.P. 1701(b)(3)).

Here, the trial court resentenced Appellant on April 23, 2019, and Appellant filed a timely post-sentence motion which the court denied on June 28, 2019. Appellant filed an untimely notice of appeal on July 8, 2019. *See* Pa.R.A.P. 903(a); Pa.R.Crim.P. 708(E). However, in its June 28, 2019 order denying Appellant's post-sentence motion, the trial court incorrectly stated that Appellant had the "right to file a notice of appeal within 30 days of the

- 3 -

entry of this Order." Order, 6/28/19. As the order misstated the law and improperly advised Appellant of his appeal rights, we decline to quash. **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (declining to quash untimely appeal where trial court misstated appeal period); **Commonwealth v. Larkin**, 235 A.3d 350, 353 (Pa. Super. 2020) ("[T]his Court [has] noted that we have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court.").

## **_Anders_**

On October 22, 2020, Counsel filed an **Anders** brief, in which she avers that Appellant's appeal is frivolous, and requests permission from this Court to withdraw from representation. Appellant did not file a response to the **Anders** brief or raise any additional claims.

It is well settled that when presented with an **Anders** brief, we may not review the merits of the underlying issues without first determining whether counsel has properly requested permission to withdraw. **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Therefore, we address the particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

We have explained:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to the content of the **Anders** brief:

[T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements, it is this Court's duty to review the trial court proceedings to determine whether there are any non-frivolous issues that the appellant could raise on appeal. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

- 5 -

Instantly, Counsel has complied with the requirements of **Anders**. Counsel filed a petition with this Court stating that after reviewing the record, she finds the appeal to be wholly frivolous. Petition to Withdraw as Counsel, 10/22/20, ¶ 7. In conformance with **Santiago**, Counsel included in the **Anders** brief summaries of the facts and procedural history, as well as discussion of the issues she believes may arguably support Appellant's appeal. **See Anders** Brief at 5-26. Also, Counsel sets forth her conclusion that the appeal is frivolous with citation to relevant authority. **Id.** Finally, Counsel has attached to her petition to withdraw the letter she sent to Appellant, along with Counsel's petition and **Anders** brief. Petition to Withdraw as Counsel, 10/22/20, Ex. A. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel, and raise any additional issues he deems worthy of this Court's consideration. Accordingly, we proceed to Appellant's substantive claims.

Issues

Appellant presents the following questions for our consideration:

A. WHETHER THE [TRIAL] COURT ERRED WHEN IT FAILED TO HOLD A GAGNON II HEARING AS REQUIRED BY 42 PA. C.S. § 9771, AND PA. R. CRIM. P. 908?

B. WHETHER THE [TRIAL] COURT FAILED TO STATE ON THE RECORD THE REASONS FOR THE SENTENCE IMPOSED ON HIS GAGNON VIOLATION AS REQUIRED BY 42 PA. C.S. § 9721(B)?

C. WHETHER THE SENTENCE ON APPELLANT'S PROBATION VIOLATION IS EXCESSIVE, HARSH, ARBITRARY AND

> CONTRARY TO THE FUNDAMENTAL NORMS OF SENTENCING IN THIS COMMONWEALTH?

> D.     WHETHER THE IMPOSITION OF THE 24 TO 48 MONTHS SENTENCE OF CONFINEMENT ON APRIL 23, 2019 FOLLOWING THE REVOCATION OF APPELLANT'S PROBATION VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT AS APPLIED TO THE STATES THROUGH THE FOURTEENTH AMENDMENT?

***Anders*** Brief at 4.

Appellant first claims "his due process rights . . . were violated" because the trial court erred in failing to hold a ***Gagnon II***[2] hearing prior to revoking his original sentence. ***Anders*** Brief at 14. This issue is waived and frivolous.

It is well-settled that "issues not raised in the lower court are waived and may not be raised for the first time on appeal." Pa.R.A.P. 302(a).[3]

> Our Pennsylvania Rules of Appellate Procedure and our case law provide the well-established requirements for preserving a claim for appellate review. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The absence of a contemporaneous objection below constitutes a waiver" of the claim on appeal. ***Commonwealth v. Powell***, [] 956 A.2d 406, 423 ([Pa.] 2008); ***Tindall v. Friedman***, 970 A.2d 1159, 1174 (Pa. Super. 2009) ("On appeal, we will not consider assignments

---

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973); ***see also Commonwealth v. Starr***, 234 A.3d 755, 762 (Pa. Super. 2020) (explaining when probationer is detained based on an alleged probation violation, due process requires a ***Gagnon I*** hearing to determine if there is probable cause that probationer committed a violation of his probation, followed by a second more comprehensive ***Gagnon II*** hearing where the court determines whether to revoke probation).

[3] "[T]he mere filing of an ***Anders*** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal." ***Commonwealth v. Cox***, 231 A.3d 1011, 1016-17 (Pa. Super. 2020) (citing Pa.R.A.P. 302(a)).

of error that were not brought to the tribunal's attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated.") (citation omitted)).

*Commonwealth v. Rodriguez*, 174 A.3d 1130, 1144–45 (Pa. Super. 2017).

Furthermore, when an appellant includes an issue in his Pa.R.A.P. 1925(b) statement, such inclusion does not "resurrect" a waived claim. *Id.* at 1145 n.6 (citing *Steiner v. Markel*, 968 A.2d 1253 (Pa. 2009)).

As a result of Appellant pleading guilty to new crimes and thus incurring new convictions, the trial court revoked Appellant's probation and resentenced him to 24 to 48 months of incarceration. At the April 23, 2019 hearing, Appellant's counsel did not mention or object to the court's alleged failure to conduct a *Gagnon II* hearing prior to revoking Appellant's probation. *See* N.T., 4/23/19, at 1-9. Further, and as Counsel notes, Appellant failed to raise the issue in his post-sentence motion with the trial court.[4] *See* Appellant's Petition for Reconsideration of Sentence, 5/1/19; *Anders* Brief at 14. Consequently, we agree with the trial court that Appellant's issue is waived and therefore frivolous. *See* Trial Court Opinion, 8/5/20, at 9 ("Appellant's claim is waived as he did not object at the time of revocation and re-sentence or in any post-sentence motion.") (footnote omitted). *See also Commonwealth v. Montalvo,* 956 A.2d 926, 936 (Pa. 2008) (recognizing

---

[4] While Appellant challenges the trial court's alleged failure to conduct a *Gagnon I* hearing in his post-sentence motion, he subsequently abandons the issue in his Rule 1925(b) concise statement. *See* Appellant's Concise Statement, 9/25/19. Accordingly, this issue was also waived. *See* Pa.R.A.P. 1925 (b)(4)(vii) ("Issues not included in the [concise statement of errors complained of on appeal] . . . are waived.").

"general rule that, in order to preserve a claim on appeal, a party must lodge a timely objection") (citing, *inter alia,* **Commonwealth v. May***,* 887 A.2d 750, 758 (Pa. 2005) ("To the extent the claims would sound in trial court error, they are waived due to the absence of contemporaneous objections."); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In his second and third issues, Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Here, we declined to quash Appellant's notice of appeal for untimeliness due to trial court error; Appellant preserved his sentencing issues in a post-sentence motion; and Appellant has included in his brief a Pa.R.A.P. 2119(f)

statement. *See Anders* Brief at 10-11. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant argues his sentence is excessive and the trial court "failed to state on the record the reasons for the sentence imposed on his *Gagnon* violation as required by 42 PA. C.S. § 9721(B)." *Anders* Brief at 20 (bold-type and capitalization omitted). We have held that such a challenge presents a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 994-95 (Pa. Super. 2016) (claim that VOP sentencing court failed to consider factors under 42 Pa.C.S.A. § 9721(b) raises a substantial question).

With regard to the merits of Appellant's claims, we recognize:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). Following revocation, a sentencing court need not undertake a

lengthy discourse for its reasons for imposing a sentence of total confinement, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citing

*Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations omitted).

At sentencing, the trial court stated that it reviewed Appellant's pre-sentence investigation report. N.T., 4/23/19, at 4. The court further emphasized Appellant's repeated failure to accept responsibility for his criminal conduct, his prior but unsuccessful opportunities for rehabilitation, and his lack of remorse. *See id.* at 4-7. We discern no error. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive."

*Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). Additionally, "[i]n those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* We agree with Counsel that Appellant's sentencing claims are frivolous.

In his fourth issue, Appellant argues the trial court violated the double jeopardy clause of the United States Constitution by revoking his probation and resentencing him. "[T]he question of whether a defendant's constitutional right against double jeopardy was infringed is a question of law." *Commonwealth v. Kuykendall*, 2 A.3d 559, 563 (Pa. Super. 2010). "Hence, our scope of review is plenary and our standard of review is *de novo*." *Id.*

Our Supreme Court has explained that "probation and parole are not part of the criminal prosecution[.]" *Commonwealth v. Mullins*, 918 A.2d 82, 85 (Pa. 2007). "Revocation of probation and resentencing does not implicate double jeopardy precisely because revocation is not a second punishment for the original conviction, but rather is an integral element of the original conditional sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1005 (Pa. Super. 2005) (citation omitted).

Instantly, the trial court revoked Appellant's probation and resentenced him to 24 to 48 months of incarceration. Because the trial court's revocation "is not a second punishment," but part of Appellant's original sentence, there was no double jeopardy violation, and we agree with Counsel that this issue

is frivolous. **Anders** Brief at 26 ("Counsel concedes that the [trial] court had the authority to revoke the previously imposed sentence for robbery and to impose a new sentence[.] . . . Consequently, [C]ounsel acknowledges that the sentence imposed on April 23, 2019 does not constitute an illegal sentence.").

Finally, our independent review reveals no other non-frivolous issues Appellant could raise on appeal. **See Dempster**, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/14/2021